**IN THE COURT OF COMMON PLEAS**
**FOR CUYAHOGA COUNTY, OHIO,**

| | | |
|---|---|---|
| **KAREN MARTIN** | ) | |
| **4 Ellsworth Court** | ) | CASE NO. |
| **Hudson, Ohio 44236** | ) | |
| | ) | JUDGE |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | COMPLAINT |
| **HealthPRO MANAGEMENT** | ) | |
| **SERVICES, LLC** | ) | Jury demand Endorsed Hereon |
| **10600 York Road** | ) | |
| **Suite 105** | ) | |
| **Cockeysville, Maryland 21030** | ) | |
| | ) | |
| and | ) | |
| | ) | |
| **WALLACE MANAGEMENT** | ) | |
| **CORPORATION** | ) | |
| c/o CSC-Lawyers Incorporating Service | ) | |
| **50 West Broad Street, Suite 1800** | ) | |
| **Columbus, Ohio 43215** | ) | |
| | ) | |
| and | ) | |
| | ) | |
| **REHABILITEX INC.** | ) | |
| **6001 Cochran Rd. Suite 202** | ) | |
| **Solon, Ohio 44139** | ) | |
| | ) | |
| and | ) | |
| | ) | |
| **FRANK GARGANO** | ) | |
| **6001 Cochran Rd., Suite 202** | ) | |
| **Solon, Ohio 44139** | ) | |
| | ) | |
| and | ) | |

| | |
|---|---|
| **THERESA ROBERTS** | ) |
| **6001 Cochran Rd., Suite 202** | ) |
| **Solon, Ohio 44139** | ) |
| | ) |
| **Defendants** | ) |

# Complaint

### Introduction

1. Plaintiff Karen Martin ("Dr. Martin") brings this suit for damages caused by the discriminatory and retaliatory conduct of HealthPRO Management Services, LLC ("HealthPRO"), Wallace Management Corporation ("WMC") and Rehabilitex Inc. ("Rehabilitex"), and the discriminatory conduct of Frank Gargano ("Dr. Gargano") and Theresa Roberts ("Mrs. Roberts").

2. HealthPRO, WMC and Rehabilitex (the "Corporate Defendants") discriminated against Dr. Martin a) on the basis of her age in violation of the Age Discrimination in Employment Act ("ADEA") and Ohio Revised Code Chapter 4112, b) on the basis of the known disability of her son, in violation of the American's with Disabilities' Act ("ADA"), c) discriminated and retaliated against Dr. Martin for taking FMLA leave for her disabled son and d) retaliated against her for opposing discrimination based on age, disability and the taking of FMLA leave in violation of the ADEA, ADA, FMLA and ORC § 4112.02.

3. Dr. Gargano and Mrs. Mrs. Roberts a) discriminated and retaliated against Dr. Martin for taking FMLA leave for her disabled son and b) aided, abetted, incited, compelled or coerced the unlawful age and disability discrimination suffered by Dr. Martin under ORC § 4112.02, or attempted directly or indirectly to commit age or disability discrimination prohibited by Ohio Revised Code Section 4112.02.

### Parties and Venue

4. Dr. Martin is a citizen of the United States and lives in Hudson, Ohio. She is over the age of 40.

5. Dr. Martin is an "employee" within the meaning of 29 U.S.C. § 630(f) (ADEA), 29 U.S.C. 2611(3) (FMLA), 42 U.S.C. § 12111(4) and ORC § 4112.01(A)(3).

6. HealthPRO is a Delaware limited liability company registered as a foreign limited liability company with the Ohio Secretary of State.

7. WMC is an Ohio Corporation registered with the Ohio Secretary of State.

8. Rehabilitex Inc. is an Ohio Corporation registered with the Ohio Secretary of State.

9. The Corporate Defendants are each a "person," an "individual," and an "employer" within the meaning of Chapter 4112 of the Ohio Revised Code, and each was at all times relevant to this Complaint an "employer" of Plaintiff within the meaning of 29 U.S.C. § 630(b) (ADEA), 29 U.S.C. 2611(4) (FMLA), 42 U.S.C. § 12111(5) ("ADA") and ORC § 4112.01(A)(2).

10. Dr. Gargano and Mrs. Roberts are each a "person" and an "individual" within the meaning of Chapter 4112 of the Ohio Revised Code and each was at all times relevant to this Complaint an "employer" of Plaintiff within the meaning of 29 U.S.C. 2611(4) (FMLA).

11. Plaintiff brings this action under ORC Chapter 4112 for age and disability discrimination and retaliation, and 29 U.S.C. § 2601 for FMLA interference and retaliation. Plaintiff intends to include in this action a claim under 29 U.S.C. § 626(c) for age discrimination and a claim under 42 U.S.C. § 12112(a) for disability discrimination, upon receiving her right to sue letter from the Equal Employment Opportunity Commission.

12. The Corporate Defendants each offers its services and otherwise conducts business within this County.

13. Until her termination, Dr. Martin reported to Rehabilitex's offices located at 6001 Cochran Road, Suite 202, Solon, Ohio 44139, and the injuries that gave rise to the claims in this case occurred in Cuyahoga County. Jurisdiction and venue are proper here.

## Facts Common to All Counts

14. At all times relevant hereto, Dr. Martin was over the age of forty (40).

15. At all times relevant to this Complaint, HealthPRO owned a controlling interest in WMC.

16. At all times relevant to this Complaint, WMC has done business as "Therapy Partners."

17. At all times relevant to this Complaint, HealthPRO owned, directly or indirectly, a controlling interest in Rehabilitex.

18. At all times relevant to this Complaint, Dr. Gargano was an officer of WMC.

19. At all times relevant to this Complaint, Dr. Gargano was an officer of Rehabilitex.

20. At all times relevant to this Complaint, Dr. Gargano was responsible for staffing and running the office at 6001 Cochran Road in Solon, Ohio.

21. On or about December 16, 2013, Defendants hired Dr. Martin as a physical therapist for the Solon office.

22. While at Rehabilitex, Dr. Martin treated patients 40 clinical hours per week.

23. While at Rehabilitex, Dr. Martin met twice monthly with referral sources and created new physician referral sources.

3

24. While at Rehabilitex, the physician referral sources sent repeat business to the clinic.

25. In the summer of 2014, Dr. Martin's son developed a serious mental health condition, schizoaffective disorder.

26. On October 6, 2014, Dr. Martin's son experienced a medical emergency. Dr. Martin notified Rehabilitex to of her son's medical emergency.

27. Dr. Martin asked for the day off to care for her son.

28. Defendant Roberts is Rehabilitex's Vice President of Administration.

29. Defendant Roberts denied Dr. Martin's request for time off to care for her son.

30. Defendant Roberts stated that Dr. Martin's absence would work a hardship on Rehabilitex.

31. Dr. Martin came to work, finished her shift and closed the clinic on October 6, missing 2 ½ hours of work.

32. On October 8, 2014, Dr. Martin received a call at work from a physician caring for her son.

33. Dr. Martin, who was treating a patient, asked if she could take the phone call. The patient agreed.

34. Dr. Martin briefly excused herself for the call. Returning, the patient was understanding and supportive.

35. On October 13, 2014, Dr. Martin asked Defendant Roberts if she could take Family and Medical Leave.

36. Defendant Roberts referred Dr. Martin to HealthPRO Human Resources.

37. Dr. Martin spoke with a HealthPRO Human Resources Representative, who told Dr. Martin that she was not eligible for FMLA leave until her one-year anniversary.

38. The HealthPRO Human Resources Representative suggested that Dr. Martin could take a non-FMLA leave of absence, if approved by Dr. Gargano.

39. Dr. Martin told Ms. Roberts that she planned to ask Dr. Gargano for a non-FMLA leave of absence.

40. The next day, October 14, 2015, Defendants reprimanded Dr. Martin for missing 2 ½ hours of work because of her son's medical emergency, and for interrupting a therapy session to speak to her son's physician.

41. The next day, October 15, 2014, Dr. Gargano denied Dr. Martin's request for non-FMLA leave.

42. After October, 15, 2014, Defendants scheduled fewer new patients with Dr. Martin, and more with the other physical therapists.

43. On December 16, 2014, Dr. Martin became eligible for leave under the FMLA.

Electronically Filed 03/11/2016 12:54 / / CV 16 860255 / Confirmation Nbr. 694465 / CLDMK

44. After December 16, 2014, Defendants scheduled fewer new patients with Dr. Martin, and more with the other physical therapists.

45. On February 2, 2015, Dr. Martin asked for leave under the FMLA to care for her son on an intermittent basis.

46. Defendants approved Dr. Martin's request for FMLA leave.

47. Over the next three months, Dr. Martin used approximately eight days of FMLA leave.

48. Soon after Dr. Martin applied for FMLA leave, Dr. Gargano cornered her in the lunchroom and growled, "next time you file for FMLA you come to me first, not corporate."

49. After Dr. Martin applied for FMLA leave, and for the rest of her employment, Defendants scheduled fewer patients with Dr. Martin, and more with the other physical therapists.

50. Defendants gave Dr. Martin changing reasons for scheduling fewer patients with her and more with other physical therapists, including that patients asked for times that Dr. Martin was not available, that Dr. Martin lacked skills and abilities that the other therapists had, because Dr. Martin's patients "weren't getting better" and the because young athletes wanted young therapists.

51. Defendants' changing reasons were false. They were not the real reason Defendants scheduled fewer patients with Dr. Martin and more with the younger therapists who did not have relationships with mentally disabled individuals.

52. Defendants scheduled younger patients with the younger therapists with a frequency five times greater than Defendants scheduled younger patients with Dr. Martin.

53. Ms. Roberts made numerous statements evincing bias towards individuals with mental or neurological disabilities, including that she:

   a. Told a brain injured patient's wife to wait with the patient in the back of the gym, since "our type of patients do not want to see these really ill patients in the clinic."

   b. Admonished Dr. Martin for spending too much time with a stroke patient in the bathroom and said "these stroke patients really don't belong here" and should go to "a nursing home if they can't go to the bathroom on their own."

   c. Complained repeatedly that a stroke victim whose hand shook could not sign her name on the proper line of her sign-in card.

   d. Told prospective patients that Rehabilitex "does not treat neurologic patients," even though Dr. Martin's repeatedly said she was willing to talk to any neurologic patient who called the clinic.

   e. Refused to fill out the paperwork to appeal for an extension of services for a young stroke patient, because "he hasn't paid his fair share into the Medicare system. Why should we go the extra mile to appeal for him?"

   f. complained about a patient leaving her two, well behaved sons who have autism in

5

    the waiting area, since "they looked different, not right."

    g. Asked Dr. Martin to suggest to the patient that she not bring her autistic children to the clinic.

    h. Called certain patients "crazy," and

    i. Gave Dr. Martin a newspaper article about the need for "modern asylums" to house mentally ill people, "like your son."

54. On May 19, 2015, Dr. Martin complained to Dr. Gargano in writing that Ms. Roberts scheduled patients with therapists based on gender and age.

55. Three days later, May 22, 2015, Dr. Gargano gave Dr. Martin a letter and a Corrective Action Record ("CAR") critical of her performance.

56. On June 1, 2015 Dr. Martin challenged the May 22, 2015 letter and CAR as retaliatory for complaining about discriminatory scheduling and patient treatment.

57. On June 1, 2015, Dr. Martin reiterated those complaints and declared that she was "not too small, the wrong sex, too old, nor lack(ing) the fitness level to treat any patient who comes in the door."

58. On June 1, 2015, Dr. Martin again placed Rehabilitex "on continued notice of the discriminatory and bias (sic) treatment of me by management and co-workers."

59. On June 22, 2015 Dr. Martin again raised concerns with ongoing scheduling discrepancies, and asked Dr. Gargano to "please resolve the scheduling bias issues."

60. On June 26, 2015, Defendants terminated Dr. Martin's employment.

61. Defendants replaced Dr. Martin with a substantially younger physical therapist who has no relationship to an individual with a mental disability.

## COUNT I: (Retaliation - FMLA)

62. Dr. Martin incorporates the preceding allegations as if fully set forth herein.

63. Dr. Martin was eligible for leave under the FMLA beginning on December 16, 2014.

64. Dr. Martin applied for, was granted and took intermittent leave from February of 2015 through April of 2015, for a total of about eight days.

65. Dr. Martin availed herself of protected rights under the FMLA.

66. Defendants scheduled fewer patients with Dr. Martin and more with physical therapists who had not taken FMA leave.

67. Defendants terminated Dr. Martin's employment.

68. There is a causal connection between Dr. Martin's taking of FMLA leave and Defendants' decision to schedule fewer patients with Dr. Martin.

6

69. There is a causal connection between Dr. Martin's taking of FMLA leave and Defendants' decision to terminate Dr. Martin's employment.

70. As a result of Defendants' retaliation against Dr. Martin for taking leave protected by the FMLA, Dr. Martin has lost wages and benefits and suffered other compensable damage.

## COUNT II: (Age Discrimination – ORC § 4112)

71. Dr. Martin incorporates the preceding allegations as if fully set forth herein.

72. At all times relevant hereto, Dr. Martin was qualified for the position for which she was employed.

73. At all times relevant hereto, Dr. Martin successfully performed the duties and responsibilities of her position.

74. The Corporate Defendants scheduled fewer new patients with Dr. Martin because of her age.

75. The Corporate Defendants terminated Dr. Martin because of her age in violation of ORC § 4112.02(A) and (N) and § 4112.99.

76. As a result of the Corporate Defendants' discrimination against her based on her age, Dr. Martin has suffered and will continue to suffer economic and non-economic compensatory damages, including but not limited to past and future economic losses, pain and suffering, the loss of salary and benefits, and other privileges and conditions of employment.

77. The Corporate Defendants' discriminatory actions against Dr. Martin in violation of §§ 4112.02(A) and (N) and in fabricating evidence to cover up their unlawful conduct were willful, reckless, and/or malicious, in disregard of her rights, and render the Corporate Defendants liable for punitive damages, reasonable attorney's fees, costs and expenses pursuant to Chapter 4112.99 of the Ohio Revised Code.

## COUNT III: (Age Discrimination - ADEA)

78. Dr. Martin incorporates the preceding allegations as if fully set forth herein.

79. Dr. Martin filed a charge with the Equal Employment Opportunity Commission (EEOC) alleging age discrimination.

80. Dr. Martin expects to receive a right to sue notice from the EEOC.

81. The Corporate Defendants' conduct as described in this Complaint constitutes age discrimination in violation of 29 U.S.C. § 623(a)(1) (ADEA).

82. The Corporate Defendants' conduct constituted a willful violation of ADEA.

83. As a result of the Corporate Defendants' adverse employment actions based on Dr. Martin's age, she has suffered past, present, and future lost wages and benefits; loss of job status; endured pain and suffering; humiliation; embarrassment; loss of reputation; loss of enjoyment of life; and emotional distress.

## COUNT IV: (Age Discrimination - ORC § 4112 – Aiding or Abetting)

84. Dr. Martin incorporates the preceding allegations as if fully set forth herein.

85. Dr. Gargano and Mrs. Roberts aided, abetted, incited, compelled and/or coerced age discrimination against Dr. Martin.

86. Dr. Gargano and Mrs. Roberts obstructed or prevented the Corporate Defendants from preventing Dr. Martin's age discrimination.

87. Dr. Gargano and Mrs. Roberts attempted directly or indirectly to commit age discrimination against Dr. Martin.

88. As a result of Dr. Gargano's and Ms. Robert's actions against Dr. Martin in violation of § 4112.02(J), Dr. Martin has suffered and will continue to suffer economic and non-economic compensatory damages, including but not limited to past and future economic losses, pain and suffering, the loss of salary and benefits, and other privileges and conditions of employment.

89. Dr. Gargano's and Mrs. Roberts's actions against Dr. Martin in violation of § 4112.02(J) were willful, reckless, and/or malicious, in disregard of her rights, and render Dr. Gargano and Mrs. Roberts liable for punitive damages, reasonable attorney's fees, costs and expenses pursuant to Chapter 4112.99 of the Ohio Revised Code.

## COUNT V: (Retaliation – Age Discrimination - ADEA)

90. Dr. Martin incorporates the preceding allegations as if fully set forth herein.

91. Dr. Martin filed a charge with the Equal Employment Opportunity Commission (EEOC) alleging retaliation.

92. Dr. Martin expects to receive a right to sue notice from the EEOC.

93. Dr. Martin opposed discriminatory scheduling of new patients based on her age.

94. Dr. Martin availed herself of conduct protected by the ADEA.

95. The Corporate Defendants terminated Dr. Martin's employment.

96. There is a causal connection between Dr. Martin's conduct protected under the ADEA and the Corporate Defendants' termination of her employment.

97. The Corporate Defendants' conduct as described in this Complaint constitutes retaliation against Dr. Martin for opposing age discrimination, in violation of 29 U.S. Code § 623(d).

98. As a result of Defendants' retaliation against Dr. Martin for engaging in conduct protected by the ADEA, Dr. Martin has lost wages and benefits, suffered other compensable damages and incurred attorneys' fees and costs.

99. The Corporate Defendants' retaliatory actions against Dr. Martin in violation of the ADEA willful and render the Corporate Defendants liable for liquidated damages.

### COUNT VI: (Retaliation – Age Discrimination - 4112)

100. Dr. Martin incorporates the preceding allegations as if fully set forth herein.

101. Dr. Martin opposed discriminatory scheduling of new patients based on her age.

102. Dr. Martin availed herself of conduct protected by ORC § 4112.02.

103. The Corporate Defendants terminated Dr. Martin's employment.

104. There is a causal connection between Dr. Martin's conduct protected under the ORC § 4112 and the Corporate Defendants' termination of her employment.

105. The Corporate Defendants' conduct as described in this Complaint constitutes retaliation against Dr. Martin for opposing age discrimination, in violation of ORC § 4112.02(I).

106. As a result of the Corporate Defendants' retaliation against Dr. Martin for engaging in conduct protected by ORC § 4112.02(I), Dr. Martin has lost wages and benefits, suffered other compensable damages and incurred attorneys' fees and costs.

107. As a result of the Corporate Defendants' retaliation against Dr. Martin for engaging in conduct protected by ORC § 4112.02, Dr. Martin has suffered and will continue to suffer economic and non-economic compensatory damages, including but not limited to past and future economic losses, pain and suffering, the loss of salary and benefits, and other privileges and conditions of employment.

108. The Corporate Defendants' retaliatory actions against Dr. Martin in violation of § 4112.02(I) and in fabricating evidence to cover up their unlawful conduct were willful, reckless, and/or malicious, in disregard of her rights, and render the Corporate Defendants liable for punitive damages, reasonable attorney's fees, costs and expenses pursuant to Chapter 4112.99 of the Ohio Revised Code.

### COUNT VII: (Retaliation – Age Discrimination – 4112 – Aiding or Abetting)

109. Dr. Martin incorporates the preceding allegations as if fully set forth herein.

110. Dr. Martin opposed discriminatory scheduling of new patients based on her age.

111. Dr. Gargano and Mrs. Roberts aided, abetted, incited, compelled and/or coerced retaliation against Dr. Martin for engaging in conduct protected by ORC § 4112.02.

112. Dr. Gargano and Mrs. Roberts obstructed or prevented the Corporate Defendants from preventing retaliation against Dr. Martin.

113. Dr. Gargano and Mrs. Roberts attempted directly or indirectly to retaliate against Dr. Martin for engaging in conduct protected by ORC § 4112.02.

114. As a result of Dr. Gargano's and Ms. Robert's actions against Dr. Martin in violation of § 4112.02(J), Dr. Martin has suffered and will continue to suffer economic and non-economic compensatory damages, including but not limited to past and future economic losses, pain and suffering, the loss of salary and benefits, and other privileges and

conditions of employment.

115. Dr. Gargano's and Ms. Robert's actions against Dr. Martin in violation of § 4112.02(J) and in fabricating evidence to cover up their unlawful conduct were willful, reckless, and/or malicious, in disregard of her rights, and render the Corporate Defendants liable for punitive damages, reasonable attorney's fees, costs and expenses pursuant to Chapter 4112.99 of the Ohio Revised Code.

### COUNT VIII: (ADA Discrimination – Based on Relationship)

116. Dr. Martin incorporates the preceding allegations as if fully set forth herein.

117. Dr. Martin filed a charge with the Equal Employment Opportunity Commission (EEOC) alleging disability discrimination.

118. Dr. Martin expects to receive a right to sue notice from the EEOC.

119. The Corporate Defendants' conduct as described in this Complaint constitutes discrimination in violation of 42 USC § 12112(b)(4) (ADA).

120. As a result of the Corporate Defendants' adverse employment actions based on Dr. Martin's relationship with an individual with a disability, she has suffered past, present, and future lost wages and benefits, loss of job status, she has endured pain and suffering, humiliation, embarrassment, loss of reputation, loss of enjoyment of life, and emotional distress and she has incurred attorneys' fees and costs.

121. The Corporate Defendants' discriminatory actions against Dr. Martin in violation of the ADA and in fabricating evidence to cover up their unlawful conduct were willful, reckless, and/or malicious, in disregard of her rights, and render the Corporate Defendants liable for punitive damages.

### COUNT IX: (Retaliation – Disability Discrimination - 4112)

122. Dr. Martin incorporates the preceding allegations as if fully set forth herein.

123. Dr. Martin opposed discriminatory treatment of patients based on their disabilities.

124. Dr. Martin availed herself of conduct protected by ORC § 4112.02.

125. The Corporate Defendants terminated Dr. Martin's employment.

126. There is a causal connection between Dr. Martin's conduct protected under the ORC § 4112 and the Corporate Defendants' termination of her employment.

127. The Corporate Defendants' conduct as described in this Complaint constitutes retaliation against Dr. Martin for opposing age discrimination, in violation of ORC § 4112.02(I).

128. As a result of the Corporate Defendants' retaliation against Dr. Martin for engaging in conduct protected by ORC § 4112.02(I), Dr. Martin has lost wages and benefits, suffered other compensable damages and incurred attorneys' fees and costs.

Electronically Filed 03/11/2016 12:54 / / CV 16 860255 / Confirmation Nbr. 694465 / CLDMK

129. As a result of the Corporate Defendants' retaliation against Dr. Martin for engaging in conduct protected by ORC § 4112.02, Dr. Martin has suffered and will continue to suffer economic and non-economic compensatory damages, including but not limited to past and future economic losses, pain and suffering, the loss of salary and benefits, and other privileges and conditions of employment.

130. The Corporate Defendants' retaliatory actions against Dr. Martin in violation of § 4112.02(I) and in fabricating evidence to cover up their unlawful conduct were willful, reckless, and/or malicious, in disregard of her rights, and render the Corporate Defendants liable for punitive damages, reasonable attorney's fees, costs and expenses pursuant to Chapter 4112.99 of the Ohio Revised Code.

### COUNT VII: (Retaliation – Disability Discrimination – 4112 – Aiding or Abetting)

131. Dr. Martin incorporates the preceding allegations as if fully set forth herein.

132. Dr. Martin opposed discriminatory treatment of patients based on their disabilities.

133. Dr. Gargano and Ms. Roberts aided, abetted, incited, compelled and/or coerced retaliation against Dr. Martin for engaging in conduct protected by ORC § 4112.02.

134. Dr. Gargano and Mrs. Roberts obstructed or prevented the Corporate Defendants from preventing retaliation against Dr. Martin.

135. Dr. Gargano and Mrs. Roberts attempted directly or indirectly to retaliate against Dr. Martin for engaging in conduct protected by ORC § 4112.02.

136. As a result of Dr. Gargano's and Ms. Robert's actions against Dr. Martin in violation of § 4112.02(J), Dr. Martin has suffered and will continue to suffer economic and non-economic compensatory damages, including but not limited to past and future economic losses, pain and suffering, the loss of salary and benefits, and other privileges and conditions of employment.

137. Dr. Gargano's and Ms. Robert's actions against Dr. Martin in violation of § 4112.02(J) and in fabricating evidence to cover up their unlawful conduct were willful, reckless, and/or malicious, in disregard of her rights, and render the Corporate Defendants liable for punitive damages, reasonable attorney's fees, costs and expenses pursuant to Chapter 4112.99 of the Ohio Revised Code.

### Prayer for Relief

WHEREFORE, Dr. Martin demands:

A. Unpaid back wages at her applicable hourly and/or overtime wage rate, as adjusted for periodic increases;

B. Interest thereon;

C. An equal amount as liquidated damages;

D. Past and future economic compensatory damages, including lost wages, benefits

Electronically Filed 03/11/2016 12:54 / / CV 16 860255 / Confirmation Nbr. 694465 / CLDMK

and other terms and conditions of employment.

E. Past and future non-economic compensatory damages, including those for physical health problems and emotional pain and suffering;

F. Punitive damages;

D. All costs and attorney's fees incurred in prosecuting this claim;

E. An award of prejudgment interest (to the extent liquidated damages are not awarded);

F. Reinstatement or, if reinstatement is not feasible, front pay; and,

G. Such further relief as the Court deems just and equitable.

Respectfully submitted,

/s/ Neil Klingshirn            .
Neil E. Klingshirn  #0037158
FORTNEY & KLINGSHIRN
4040 Embassy Parkway
Suite 280
Akron, Ohio  44333
(330) 665-5445

Attorneys for Plaintiff Karen Martin

Jury Demand

    Dr. Martin respectfully requests that a jury try all issues, claims and defenses in this case that are triable as of right to a jury.

/s/ Neil Klingshirn
Neil E. Klingshirn
